## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

BRITTANY C. MOORE and
AUSAR T. MOORE,

      Plaintiffs,

v.                                   Case No.   3:23-cv-1388-MMH-LLL

FORMER SHERIFF MIKE
WILLIAMS, in his official capacity
as Sheriff of the Jacksonville
Sheriff's Office and the Consolidated
City of Jacksonville, Florida, et. al.,

      Defendants.

_____

# <u>O R D E R</u>

**THIS CAUSE** is before the Court on Defendant Former Sheriff Mike

Williams' Motion to Dismiss (Doc. 21; Motion) filed on April 1, 2024.   In the

Motion, Former Sheriff Mike Williams ("Sheriff Williams") moves for dismissal

of Counts XX and XXVII, and either Count XVIII or Count XIX of Plaintiffs'

Complaint (Doc. 6) pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure

(Rule(s)), for failure to state a claim.   <u>See</u> <u>generally</u> Motion.   Plaintiffs

Brittany Moore and Ausar Moore (collectively the "Moores") filed a response in

opposition to the Motion on May 13, 2024.[1]  See Plaintiffs' Response to Defendant Former Sheriff Mike Williams' Motion to Dismiss (Doc. 39; Response).   Upon review, the Court finds that the Motion is due to be granted to the extent that the Court will dismiss Counts XVIII, XX, and XXVII.

## I.    Standard of Review

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002).   In addition, all reasonable inferences should be drawn in favor of the plaintiff.   See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted).   Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"   Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."   Twombly, 550 U.S. at 570.   "A claim has facial

---

[1] While Plaintiffs largely plead individual causes of action, the Court refers to their claims collectively.

plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

## II.    Background[2]

The Moores initiated this action on November 28, 2023, by filing their Complaint in which they assert twenty-seven claims against Sheriff Williams, and a number of current and former officers of the Jacksonville Sheriff's Office. See generally Complaint.  The claims they assert arise from a May 13, 2020 interaction between the Moores and JSO deputies at Brittany Moore's residence.  See generally id.  Specifically, the Moores allege that five JSO officers committed a variety of tortious acts and deprived Brittany Moore of her constitutional rights in violation of 42 U.S.C. § 1983.[3]  See generally id.  With respect to Sheriff Williams, the Moores also assert two federal § 1983 claims against him in his official capacity as Sheriff of the Jacksonville Sheriff's Office ("JSO").[4]  Id. ¶¶ 6, 218-231.   They title the claim in Count XVIII as a claim for "Municipal Liability v. Former Sheriff Mike Williams" and the claim in Count

---

[2] In considering the Motion, the Court must accept all factual allegations in the Complaint as true, consider the allegations in the light most favorable to the Moores, and accept all reasonable inferences that can be drawn from such allegations. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).  As such, the facts recited here are drawn from the Complaint, and may well differ from those that ultimately can be proved.

[3] On June 26, 2024, Defendant Former Officer Alejandro Carmona Fonseca filed an unopposed motion (Fonseca Motion; Doc. 51) to dismiss Count I as it is duplicative of Count II.  See generally Fonseca Motion.  The Court granted the Fonseca Motion.  See Order (Doc. 53).

[4] As the Motion before the Court relates only to the claims raised against Sheriff Williams in his official capacity, the Court discusses the claims asserted against the individual officers only to the extent that they relate to the claims against Sheriff Williams.

XIX as a "<u>Monell</u> Claim v. Former Sheriff Mike Williams."   <u>Id.</u> ¶¶ 218-231.[5]

Notably, the Moores base both § 1983 claims on the same factual allegations – that the policies and procedures instituted by Sheriff Williams and JSO resulted in the deprivation of Brittany Moore's constitutional rights.   <u>Id.</u> The Moores also raise two state law claims against Sheriff Williams, one titled "Willfull and Wanton Conduct v. Former Sheriff Williams (Count XX), <u>id.</u> ¶¶ 232-43, and one titled "Loss of Consortium v. Former Sheriff Williams (Count XXVI), <u>id.</u> ¶¶ 254-55.[6]   Finally, in Count XXVII, the Moores seek indemnification of the individual JSO officers by Sheriff Williams.   <u>Id.</u> ¶¶ 256-58.

In the Motion, Sheriff Williams requests dismissal of either the municipal liability claim in Count XVIII or the <u>Monell</u> liability claim in Count XIX on the basis that the two claims are duplicative of one another.   <u>See</u> Motion at 6-8. Sheriff Williams also contends that he cannot be liable for the conduct alleged in Count XX because he is not alleged to have participated and further that sovereign immunity applies when a government employee commits an action with a "willful or wanton" disregard for the rights of others.   <u>See</u> Motion at 8-

---

[5] In <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658 (1978), the Supreme Court determined that a municipality can be held liable under § 1983 for constitutional violations caused by a custom or policy of the municipality.

[6] Outside of a brief reference to the loss of consortium claim, <u>see</u> Motion at 6, Sheriff Williams provides no substantive argument as to why the Court should dismiss Count XXVI. As such, the Court declines to address Count XXVI in this Order.

9.   Regarding the indemnification claim in Count XXVII, Sheriff Williams again asserts a defense of sovereign immunity and, additionally, contends there is no statutory requirement for him to indemnify the defendant officers.   Id. at 10-11.

In the Response, the Moores acknowledge the apparent duplicative nature of the federal law claims in Counts XVIII and XIX and invite the Court to dismiss Count XVIII to remedy this problem.   See Response at 3-4.   They also contend that sovereign immunity does not apply as the willful and wanton conduct claim brought against Sheriff Williams in Count XX is actually a claim against the individual JSO officer defendants.   Id. at 5-7.   Last, the Moores contend that their indemnification claim should survive for similar reasons and rely on statutory language to assert that dismissal of Count XXVII is premature.   Id. at 7-9.

### III.   Discussion

### A. The Federal Law Claims in Counts XVIII and XIX are Duplicative

As an initial matter, the Court finds that Sheriff Williams is correct in noting that the claims in Counts XVIII and XIX are duplicative.   As noted above, the Moores concede the duplicative nature of these claims and suggest that the Court remedy the problem by dismissing Count XVIII.   See Response at 3-4.   This remedy is consistent with the relief Sheriff Williams requests in the Motion.

"'Duplicative claims are those that stem from identical allegations, that are decided under identical legal standards, and for which identical relief is available. To promote judicial economy, a court should dismiss claims that are duplicative of other claims.'"   Chisholm v. Nationwide Assurance Co., No. 614-cv-1521-Orl-41KRS, 2015 WL 12839782, at *1 (M.D. Fla. Sept. 24, 2015) (quoting Manning v. Carnival Corp., No. 12–22258–CIV, 2012 WL 3962997, at *2 (S.D. Fla. Sept. 11, 2012)).   Here, by suing Sheriff Williams in his official capacity in both Counts XVIII and XIX, the Moores are effectively bringing both claims against the City of Jacksonville ("City").   See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (finding that claims brought against a public official in their official capacity are to be treated as claims against the municipality the public official represents); see also Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla., 402 F.3d 1092, 1115 (11th Cir. 2005) ("When . . . the defendant is the county sheriff, the suit is effectively an action against the governmental entity he represents—in this case, Monroe County." (citations omitted)).   For this reason, the Monell claim in Count XIX is entirely the same as the municipal liability claim in Count XVIII.

Upon review of the Complaint and the positions of the parties, and because the municipal liability claim in Count XVIII is duplicative of the Monell claim in Count XIX, the claim in Count XVIII is due to be dismissed without prejudice.   The claim in Count XIX will remain.

**B. The Willful and Wanton Conduct Claim is Barred by Sovereign Immunity**

The Court's analysis of Count XX turns on whether sovereign immunity bars a claim for willful and wanton conduct brought against a government entity.  However, it is first necessary to dispense with the Moores' assertion that Count XX is not brought against Sheriff Williams, but rather "against each JSO defendant in their respective individual capacities."  See Response at 6. While the Moores contend this count is brought against Sheriff Williams "individually and/or by and through his employees," id, the Court cannot accept this contention.

Looking to the caption of the Complaint, the Court notes that the Moores bring suit against Sheriff Williams only in his official capacity.  See Complaint at 1.  When identifying the parties, the Moores again state that Sheriff Williams "is sued herein in his official capacity as Sheriff of JSO."  Id. ¶ 6. Additionally, the Moores specifically title Count XX: "State Law Claim – Willful and Wanton Conduct v. Former Sheriff Mike Williams."  Id. at 80.  Notably, the Moores do plead willful and wanton state law claims against each of the individual JSO defendant officers, but they do so in Counts III, VII, and XIII, respectively.  See generally Complaint.  Thus, even if Count XX were brought against the individual JSO officer defendants, it would be duplicative.

Having determined that the Moores claim Count XX is brought against Sheriff Williams and not the individual JSO defendant officers, the Court finds that the claim is barred by section 768.28 of the Florida Statutes.   This section, which governs Florida's waiver of sovereign immunity, states that "[t]he state or its subdivisions are not liable in tort for the acts or omissions of an officer, employee, or agent . . . committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 768.28(9)(a) (emphasis added).[7]   While the Florida Statutes do not define what constitutes wanton and willful conduct, Florida appellate courts have interpreted the phrase to mean "conduct much more reprehensible and unacceptable than mere intentional conduct," and "conduct that is worse than gross negligence." Butler v. Gualtieri, 41 F.4th 1329, 1336 (11th Cir. 2022) (citations and quotations omitted).   Additionally, "under Florida's standard jury instructions, 'wanton' behavior is defined as acting 'with a conscious and intentional indifference to consequences and with the knowledge that damage is likely to be done to persons or property,' and 'willful' conduct is defined as acting 'intentionally, knowingly and purposely.'" Id. at 1336-37 (citing Peterson v. Pollack, 290 So. 3d 102, 110 (Fla. 4th DCA 2020)); see also Lemay v. Kondrk, 923 So. 2d 1188, 1191 (Fla. 5th DCA 2006) (applying

---

[7] "The Supreme Court of Florida has found that Sheriffs are included in 'state agencies or subdivisions' under Section 768.28." Johnson v. Cannon, 947 F. Supp. 1567, 1573 (M.D. Fla. 1996) (citing Beard v. Hambrick, 396 So. 2d 708 (Fla. 1981)).

those definitions of "wanton" and "willful" to section 768.28(9)(a)).

Whether a government actor's conduct is wanton and willful is normally a fact issue which would survive a motion to dismiss. See Butler, 41 F.4th at 1336-40 (affirming the denial of summary judgment for sovereign immunity on a battery claim because "the standards for applying sovereign immunity are so closely bound up with [the sheriff's deputy's] mental state" and "it is not clear whether [the sheriff's deputy] exhibited wanton and willful behavior, malice, or bad faith").[8]   However, by pleading a claim for willful and wanton conduct as an independent cause of action, the Moores allege, almost verbatim, conduct for which Sheriff Williams is immune from liability.   As such, accepting the factual allegations in the Complaint as true, the Moores allege the required mental state to bar this claim under section 768.28(9)(a).   Indeed, the Moores acknowledge in the Response that the violations they plead in Count XX "are evidence of the requisite mental state for the misconduct alleged to be actionable as willful and wanton."[9]   See Response at 6-7.   Because based on

_____

[8] See also McGhee v. Volusia Cnty., 679 So. 2d 729, 733 (Fla. 1996) ("[T]he question must be put to the fact-finder whether [the sheriff's deputy] acted in bad faith, with malicious purpose, or in a manner exhibiting wanton or wilful [sic] disregard of human rights, safety, or property."); Johnson, 947 F. Supp. at 1574 (citing McGhee and finding that it is up to the fact-finder to determine if the sheriff's deputy conduct was willful or wanton).

[9] Unlike a government entity, an individual government actor may be held personally liable in tort for any action committed "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 768.28(9)(a).   It appears the Moores intentionally included the term "willful and wanton" in the title of Count XX to track this statutory language in an attempt to address the liability of the individual JSO officers.   Nevertheless, because the Court concludes this claim is brought against Sheriff Williams, it is appropriately barred.

the factual allegations the Moores plead in the Complaint the claim for willful and wanton conduct against Sheriff Williams is statutorily barred, Count XX is due to be dismissed without prejudice.[10]

## C. There is no Statutory Requirement for Sheriff Williams to Indemnify the Individual Officers

There is no statutory basis for the Moores' assertion that Sheriff Williams is required to indemnify the individual JSO officers for actions committed during the course and scope of the officers' employment.   The indemnification of government employees is governed by section 111.071 of the Florida Statutes. This section states:

> Any county, municipality, political subdivision, or agency . . . is authorized to expend available funds to pay: Any final judgment, including damages, costs, and attorney's fees, arising from a complaint for damages or injury suffered as a result of any act or omission of action of any officer, employee, or agent in a civil or civil rights lawsuit described in s. 111.07.   If the civil action arises under s. 768.28 as a tort claim, the limitations and provisions of s. 768.28 governing payment shall apply.   If the action is a civil rights action arising under 42 U.S.C. s. 1983, or similar federal statutes, payments for the full amount of the judgment may be made unless the officer, employee, or agent has been determined in the final judgment to have caused the harm intentionally.

Fla. Stat. § 111.071(1) (emphasis added).   Applying this statute to the present action, the Court notes that section 768.28 imposes no requirement on Sheriff

---

[10] A dismissal based on sovereign immunity is jurisdictional and should be entered without prejudice.   Dupree v. Owens, 92 F.4th 999, 1007 (11th Cir. 2024) (citations omitted); see also Fed. R. Civ. P. 41(b).

Williams to indemnify the individual officers for the alleged tortious activity. Similarly, regarding the federal law claims brought under 42 U.S.C. § 1983, the language in section 111.071 reflects that while Sheriff Williams "may" indemnify the JSO officers, he is not required to do so.   See Andrade v. Rambosk, 2:22-cv-482-JLB-KCD, 2023 WL 5042728, at *6 (M.D. Fla. Aug. 8, 2023) ("The statute indicates that a county is authorized to and may expend available funds to pay a final judgment, but does not require a county to do so."). Given this statutory language governing indemnification, the claim in Count XXVII is due to be dismissed with prejudice. Therefore, it is

**ORDERED:**

1.    Defendant Former Sheriff Mike Williams' Motion to Dismiss (Doc. 21) is **GRANTED** to the following extent:

        A.    Count XVIII is **DISMISSED without prejudice**.

        B.    Count XX is **DISMISSED without prejudice**.

        C.    Count XXVII is **DISMISSED with prejudice**.[11]

---

[11] In the Response, the Moores include a request for leave to amend the Complaint in the event the Court finds that their allegations are inadequate.   See Response at 4, 7, 10. However, as explained in a prior Order, this request for relief embedded in the Response is improper.   See generally Order (Doc. 43), entered May 16, 2024.   In the May 16, 2024 Order, the Court denied the request for leave to amend without prejudice to filing a proper motion. See id. at 3.   The Moores have declined to file a proper motion.

2.      In all other respects, the Motion is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 28th day of August, 2024.

MARCIA MORALES HOWARD
United States District Judge

i60

Copies to:

Counsel of Record